No. 555

OSOWSKI et al v. BARSKI et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4956. Decided March 28, 1924

677. JUDGMENTS—1. Court of Common Pleas may restrain the Municipal Court from collecting a judgment, where through collusion, counsel failed to appear for him at trial.

2. Where the fraud is in the conduct of a suit aggrieved party is entitled to a restraining order.

3. Common Pleas Court has a general equitable jurisdiction.

LEVINE, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by Owoski to restrain the defendant, Barski, from the collection of a judgment. Barski secured a judgment in the Municipal Court in the sum of $1,400. He issued execution and proceeded to collect this judgment. The plaintiff filed a petition in the Common Pleas alleging among other things that said judgment rendered in the Municipal Court was procured by fraud in that Osowski's attorney entered into collusion with Barski and permitted a judgment to be obtained against him without his knowledge and consent. The Common Pleas Court ordered a temporary restraining order but later dissolved the same. In issuing a temporary restraining order the Court of Appeals held:

1. If an attorney employed to defend a case proves false to his trust, and in conjunction with his opponent allows judgment to go against his client, a clear case for equitable relief is made out.

2. Where the fraud relates to the conduct of the suit, or is extrinsic in character, the aggrieved party is entitled to equitable relief, and this is true even though fraud was committed in the Municipal Court and the petition for a restraining order filed in the Common Pleas Court.

3. As the Common Pleas has general equitable jurisdiction it has power to restrain a party from executing on a judgment even though that judgment may have been obtained in another court such as the Municipal Court.

Attorneys—Howell, Roberts & Duncan, for Osowski; Frank S. Day and I. R. Morris, for Barski; all of Cleveland.